Stonk, Justice
This fifteen pound» must be applied towards satisfaction of the latter judgment. As to the *531 former judgment, if is not ¿judgment to be satisfied out of assets -in futuro ; and when obtained, ii must have been on the admission of the Defendant that in- bad then assets to satisfy it, otherwise lie would have pleaded a want of them, and then the judgment would have been absolute as to the assets he. had, and for the residue to be levied out of assets vvliieh in future should eome to his hands.
Haywood, Justice
When a judgment is rendered against an executor or administrator, though it lie generally, to be levied de bonis testatons, without saying any thing of assets in futuro, find judgment must be satisfied prior to any sub-rquem ope. The executor may hav suffered it, knowing assets would afterwards come to his hands sufficient to satisfy it — by admitting assets he has made himself absolutely liable to the debt. Snail Ire be absolutely liable, and yet not permitted by law to reina-burse himself out of assets? Must he pay llie former judgment out of" his own - pocket, though lie has assets in Ids bands sufficient to satisfy it? Suppose lie had paid this judgment, or the debt before judgment, with sis own money, trusting to the coming m of assets for his reimbursement, would be not thereby have entitled himself to retain assets to that amount when they should come into his possession ? If hecouid tons reimburse himself, having paid the debt or judgment, why not, when he has made himself liable, to the payment of it ? It. is well known,an exeunor may plead judgments obtained again-t him when subsequently sued, and there is no instance of a replication, that the assets came to hand after the judgments were obtained.
Some of the bar not concerned, expressed- a clear opinion that the fifteen pounds should be applied to the bitter judgment, v\hereupon, the court took time to advise j and afterwards, the cause being again mentioned, Judge Haywood said, he. continued to be of the same opinion lie Was the other day. There were not many authorities in point — he had however fouruTone in 12 .Mod, 196, where it is laid down, that the pleading of ih>- judgment is a protection of the assets which you have or may have, until the judgment be satisfied.
Stone, Justice — 1 do not think that case applies — I am otthe same opinion l was. The fifteen pounds should be applied to the latter judgment. Sic adjournatur. . •
Note. — Vide 1 Saund. 336 b, wi«.re it is said — “ Wnere ttn ex<-cu- • tor pleads several judgments outstanding, and the Plaintiff takes a *532 judgment of assets in futuro, the future assets shall, in the first place, he applied to those judgments. Hence, there is a difference, as to the future assets, between a plea ot plene administraisil generally, and a special plea oí plene aclminisiravit prater judgments.”